Approval of all parties as to the form of the orders will be endorsed thereon.

No costs.

THOMAS F. O'CONNOR, PLAINTIFF, v. BOARD OF COMMISSIONERS OF THE TOWN OF WEST ORANGE, DEFENDANTS.

Superior Court of New Jersey
Law Division

Decided February 15, 1956.

*Mr. Leonard G. Brown* (*Mr. Bernard H. Powell* appearing), attorney for plaintiff.

*Mr. Leo J. Berg* (*Mr. Anthony L. Cecere* appearing), attorney for defendants.

WAUGH, J. C. C. (temporarily assigned). Plaintiff, Thomas F. O'Connor, brings this action against defendant, Board of Commissioners of West Orange, to recover a commission. allegedly due plaintiff, from the sale of certain municipal property. Plaintiff alleges that he was the person who con-

summated the sale, and consequently, under the provisions of *N. J. S. A.* 40:60–26, *paragraphs* (*a*) and (*d*), he is legally entitled to a commission of five per cent of the purchase price.

The facts are substantially as follows:

Plaintiff, a licensed real estate broker of this State, had on many occasions prior to the one in question procured purchasers for property owned by the Town of West Orange. On each of these occasions he was paid the statutory five per cent of the purchase price as commission.

Prior to the negotiations that gave rise to the present suit the defendant board, plaintiff alleges, agreed to pay to plaintiff the legal rate of commission if plaintiff would procure a purchaser for the municipal property designated as lots 11–16 in Block 80–D on the tax map of the Town of West Orange. This agreement was not reduced to writing.

In accordance with this alleged agreement plaintiff negotiated with the Moormann Construction Company of Bloomfield, New Jersey, and as a result submitted to the Board of Commissioners of West Orange an offer of $15,700 for the above described property. Thereafter, this property, in accordance with *N. J. S. A.* 40:60–26, *paragraph* (*a*), was advertised for public sale at a minimum price of $15,700. The Moormann Construction Company was the successful bidder in the amount of $15,700 and made a cash deposit with the Town of West Orange in the amount of ten per cent of the purchase price. Plaintiff now demands five per cent of the purchase price as commission for his services in consummating the sale. Defendant, in its answer, relies on *R. S.* 25:1–9, the Statute of Frauds, as to commissions of real estate brokers or agents, and states that no memorandum or note or any other writing signed by defendants was made as required by the statute.

The statutory provisions applicable to the present suit are as follows:

*R. S.* 25:1–9.

"Except as herein otherwise provided, no broker or real estate agent selling or exchanging real estate for or on account of the

owner shall be entitled to any commission for such sale or exchange, unless his authority therefor is in writing, signed by the owner or his authorized agent, or unless such authority is recognized in a writing or memorandum, signed by the owner or his authorized agent, either before or after such sale or exchange has been effected, and, in either case, the rate of commission on the dollar or the amount of the commission shall have been stated therein."

*N. J. S. A.* 40:60–26:

"The governing body of any municipality may sell any lands or buildings or any right or interest therein not needed for public use. * * *

(a) By public sale to the highest bidder after public advertisement thereof in a newspaper circulating in a municipality in which the lands are situated * * *. In the case of public sales the governing body of any municipality may by resolution fix a minimum price to be included in the advertisement of sale * * *.

(d) * * * In all sales made pursuant to paragraphs (a), (c) or (d) of this section, the governing body of any municipality may pay a commission to any real estate broker or other person other than the purchaser actually consummating such sale, but said commissions shall not be more than five per centum (5%) of the sale price."

*N. J. S. A.* 45:15–1:

"No person shall engage either directly or indirectly in the business of a real estate broker or salesman, temporarily or otherwise, * * * without being licensed so to do as hereinafter provided."

*R. S.* 45:15–4:

"The provisions of this article shall not apply to any person, firm, partnership, association or corporation who, as a *bona fide* owner or lessor, shall perform any of the aforesaid acts with reference to property owned by him, nor shall they apply to or be construed to include attorneys at law, receivers, trustees in bankruptcy, executors, administrators or persons selling real estate under the order of any court or the terms of a deed of trust, state banks, federal banks, savings banks and trust companies located within the state, or to insurance companies incorporated under the insurance laws of this state."

Plaintiff proceeds on the theory that *R. S.* 25:1–9 does not apply to the present case. He argues that according to the statutes, "in order to engage in the business of real estate broker or salesman one must either be licensed or spe-

cifically designated in *N. J. S.* 45:15–4," and that only such persons must comply with the requirements of *R. S.* 25:1–9.

Plaintiff contends that the language of *N. J. S. A.* 40:60–26 authorizing a commission to any "real estate broker *or other person other than the purchaser*" (emphasis supplied), clearly contemplates a separate statutory treatment for the sale of municipally owned lands, in that this statute does not merely involve sales consummated by real estate brokers but also those consummated by any "other person." The definition of "other person," plaintiff says, encompasses any and all persons, including persons not bound by the requirements of *R. S.* 25:1–9, as this latter statute deals only with real estate brokers or real estate agents.

Plaintiff states that it was merely fortuitous that he was in fact a licensed real estate broker; that he was not acting in his capacity as such, but was actually serving as the "other person" in consummating the sale.

What is the meaning of the language of *R. S.* 25:1–9 where reference is made to a "broker or real estate agent"? Who in fact is a real estate agent?

In dealing with the definition of this language in *Malinowski v. Lincoln Developing Co.*, 103 *N. J. L.* 394 (1927), our Court of Errors and Appeals held that a sales manager working exclusively for a land-developing company selling improved and unimproved lots was subject to *R. S.* 25:1–9, and not entitled to commissions as there was no written contract of employment. In the language of the court, "* * * the very mischiefs at which the statute was aimed would be encouraged by the recognition of fine spun distinctions between 'brokers' and 'salesmen' or 'employees' working on commission, exclusively or otherwise." Also see, 10 *Rutgers L. Rev., p.* 413 *et seq.*

The Court of Errors and Appeals, in *Stout v. Humphrey*, 69 *N. J. L.* 436 (1903), held that the Statute of Frauds applied to an attorney rendering services as a real estate broker.

There have been many cases limiting the scope of the statute. See *O'Neill v. Colonial Memorial Park, Inc.*, 121

N. J. L. 617 (*Sup. Ct.* 1939), where the court found that plaintiff was acting as an employee and not a real estate broker. In *Griffith v. Daly*, 56 *N. J. L.* 466 (*Sup. Ct.* 1894), the court excluded from the effect of the statute a real estate broker who was to arrange for and advertise the sale of realty by auction, and to collect a commission based upon a percentage of the proceeds. Although no written agreement was entered into by the parties the court held these were not the services of a broker. Also in *Westervelt v. Kunz*, 105 *N. J. L.* 367 (*E. & A.* 1929), an attorney was allowed to recover because his services were those of an attorney and not a broker.

In *Kagan v. Berman*, 14 *N. J.* 467 (1954), our Supreme Court denied legal fees to an attorney who had assembled property, procured purchasers, drew up a lease, and attended at a closing, where there was no written agreement. The court stated that these services were primarily those of a broker, and any legal services rendered were incidental in nature.

The foregoing decisions seem to turn on the question of what type of service was performed by the party seeking to recover the commission, regardless of his status as either broker, attorney or employee, and further, whether or not these services were rendered for or on account of the owner. That would seem to be the proper test.

This court concludes that all who sell or exchange real estate for or on account of the owner fall within the ambit of the statute. The term "real estate agent" includes any and all persons who render such services for the owner.

The statute granting authority to municipalities to award commissions to "any real estate broker or other person other than the purchaser" must be read in conjunction with the Statute of Frauds, *R. S.* 25:1-9. The words "other person" should be read into the meaning of real estate agent and, if in fact such other person sells or exchanges real estate for or on account of the owner, he is bound by the provisions of *R. S.* 25:1-9.

The motion to strike defendant's first separate defense is denied.